ANDREW ALBANO, Respondent, v. ST. LUKE'S HOSPITAL, Defendant, and ROBERT H. WATERS & Co., Appellant. ROBERT H. WATERS &. COMPANY, INC., Third-Party Plaintiff-Appellant, v. WINDSOR NATIONAL CORP., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County, entered on March 13, 1972, as twice amended, so far as appealed from, modified, on the law and the facts, to reverse so much thereof as grants recovery to plaintiff against defendant-appellant and so much thereof as dismisses the third-party complaint of defendant-appellant and third-party plaintiff-appellant, the judgment vacated in that respect, the third-party complaint reinstated and the matter remanded for a new trial, and otherwise affirmed, with $60 costs and disbursements to abide the event. Plaintiff is a concrete laborer employed by the defendant, Windsor National Corp., a concrete subcontractor for Robert H. Waters & Co., Inc., engaged in erecting an addition to St. Luke's Hospital, the owner of the premises involved. The accident took place in a fuel oil pit or tank room being constructed beneath the street, as part of an addition to the main hospital building. Concrete had been poured for the construction of the ceiling on the pit and was now dry, and the plaintiff was standing on wooden planks stripping wooden forms above him, which had contained the poured concrete. He fell some 20 feet to the ground through an open space between the planks, and he contended that he had not been provided with a safe place to work (Labor Law, § 200) because natural daylight having been shut out by the ceiling, no adequate temporary lighting had been furnished. The jury found in favor of the plaintiff against the general contractor Waters, but in favor of St. Luke's Hospital, the owner. The court dismissed the third-party complaint against Windsor, the subcontractor. It should be reinstated, in accordance with *Dole* v. *Dow Chem. Co.*, (30 N Y 2d 143) and *Kelly* v. *Long Is. Light. Co.* (31 N Y 2d 25). Whether this case would fall within the excep-

tion of the general duty to provide a safe place to work by reason of the negligence of the plaintiff's employer, the subcontractor (*Wright* v. *Belt Assoc.*, 14 N Y 2d 129) or whether the plaintiff himself was negligent in groping in the dark (see *Jones* v. *Radio City Music Hall*, 38 A D 2d 909, affd. on the opinion below 31 N Y 2d 790) was not properly presented to the jury and they may have been confused. (*Bacon* v. *Celeste*, 30 A D 2d 324; *Ortiz* v. *Kinoshita & Co.*, 30 A D 2d 334.) Concur — Stevens, P. J., McGivern and Kupferman, JJ.; Capozzoli, J., dissents in the following memorandum: I dissent from so much of the decision of the majority which reverses the judgment entered on March 13, 1972, in favor of plaintiff-respondent, and otherwise concur. There is sufficient evidence in the record to raise a fair question of fact for the jury to pass upon as to whether there was a failure on the part of Robert H. Waters & Company, Inc., the general contractor and appellant herein, to provide temporary lighting for the benefit of the plaintiff, and also whether Waters directed the plaintiff to continue with his work by means of natural light, which was supposed to come through holes made in the plywood covers. The testimony of the witness, Thompson, on behalf of Waters, that there were strings of lighted bulbs, which were strung up by the electrician, was contradicted by the plaintiff's evidence and, hence, the decision was for the jury to make. The same is true of the testimony of plaintiff to the effect that he was directed by Thompson to continue with his work after making holes in the plywood overhead. The jury, having decided in favor of the plaintiff there is no valid reason why its verdict should be set aside. Any error by the trial court, made earlier in its charge on the subject of contributory negligence, was rectified when the requests to charge were later addressed to the court. It was made clear that failure by plaintiff to exercise due care to any extent would bar his recovery.